## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GRACIELA LEYVA SANCHEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-318-SLP** |
| | ) | |
| **WARDEN, Diamondback Correctional** | ) | |
| **Facility,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Petitioner Graciela Leyva Sanchez, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1. Having reviewed the petition, *sua sponte* under Rules 2(a) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Court will substitute two party respondents.

As a threshold issue, the Court must determine who should answer the petition, acknowledging that it is an unsettled issue who is the proper respondent in an immigration habeas petition. After also considering judicial efficiency and the interests of justice, the Court *sua sponte* substitutes additional, appropriate party respondents as outlined below.

---

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

## I.    <u>Substituting Party Respondents</u>

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).  However, *Padilla* "declined to address the application of the [default] immediate custodian rule to alien detainees." *Qing You v. Nielsen*, 321 F. Supp. 3d 451, 461 (S.D.N.Y. 2018).

Recognizing that only a federal official—not the state or private prison warden—can release an immigration detainee, numerous courts have accepted that the proper respondents are the federal officials responsible for overseeing immigration detention decisions and facilities.  *See Chiwanga v. Garland*, No. 22-CV-116-JFH, 2022 WL 20208543, at *1 (E.D. Okla. May 20, 2022) (adding the Attorney General and the Secretary of the Department of Homeland Security ("DHS") as respondents to an immigration detainee's § 2241 petition); *Rafati v. Barr*, No. 20-CV-411-JFH, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (same); *Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136, 1149 (D. Colo. 2013) (concluding "either the Attorney General or DHS Secretary is the proper respondent"). *But see, e.g., Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006) (concluding warden of the county facility holding an immigration detainee was the proper respondent).

Here, Petitioner named "Warden, Diamond Back Correctional Facility" as the party respondent in the caption of her Petition.  Doc. 1 at 1.  Consistent with the common approach in immigration habeas cases, the Court concludes the proper party respondents

here should include the Attorney General of the United States and the Secretary of Homeland Security.

Further, the Court considers this District's related practice in habeas cases to substitute a petitioner's current warden as the party respondent. *See, e.g.*, *Morrison v. Rankins*, No. CIV-24-274-SLP, 2024 WL 4034186, at *4 (W.D. Okla. July 3, 2024) (recommending substitution of warden of petitioner's facility for Joe Biden as respondent in a 28 U.S.C. § 2254 case, citing Rule 2(a) of the Habeas Rules) (R&R), *adopted*, 2024 WL 4031378 (W.D. Okla. Sep. 3, 2024); *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019) (noting in a § 2241 habeas case that "petitioners are not required to 'serve' any respondent" because the "Court orders a response," and "[i]f a petitioner names the wrong respondent, this Court may simply substitute the correct party"), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019); *see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty.*, 411 U.S. 345, 350 (1973) (noting the Supreme Court has "consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements").

Therefore, the Court will *sua sponte* add the Attorney General of the United States and the Secretary of Homeland Security as party respondents to this action. *See Gholestani v. United States District Court*, No. CIV-25-1392-R, Doc. 12 (W.D. Okla. Jan. 23, 2026) (adding the Attorney General and DHS Secretary as federal party respondents to an immigration detainee's § 2241 petition); *Lanivska v. Warden, Otero Cnty. Processing Ctr.*, No. 26-CV-0044-KWR-GBW, 2026 WL 105901, at *1 (D.N.M. Jan. 14, 2026) (adding

additional federal party respondents, including the Attorney General and DHS Secretary, to an immigration detainee's § 2241 petition); *Chiwanga*, 2022 WL 20208543, at *1 (adding the Attorney General and DHS Secretary as respondents to an immigration detainee's § 2241 petition); *Rafati*, 2020 WL 12968837, at *1 (same).

## II.    <u>Conclusion</u>

For the foregoing reasons, the court **ORDERS** that the Clerk of Court add Pamela Bondi, Attorney General of the United States, and Kristi Noem, Secretary of Homeland Security, as party respondents in this action.

**IT IS SO ORDERED** this 23rd day of February, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE