IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GRACIELA LEYVA SANCHEZ,          )
                                 )
          Petitioner,            )
                                 )
v.                               )    Case No. CIV-26-318-SLP
                                 )
WARDEN, Diamondback Correctional )
Facility, et al.,                )
                                 )
          Respondents.           )

**O R D E R**

Petitioner Graciela Leyva Sanchez, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Chris M. Stephens.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 12], and the matter is at issue.

The Court reviews de novo any portion of the R&R to which the parties have made specific objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

## I.     Background

Petitioner, a noncitizen and national of Cuba, entered the United States without admission or inspection on May 12, 2022.  On May 14, 2022, ICE placed Petitioner into

removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear (NTA) and charged her with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i).  On the same day, Petitioner was released on an Order of Release of Recognizance pursuant to 8 U.S.C. § 1226.  On January 10, 2026, Petitioner was re-detained, taken into ICE custody, and transported for immigration detention. Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions.  When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma, where she currently remains.[1]

On February 20, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA), violation of her due process rights under the Fifth Amendment to the United States Constitution, serious medical condition worsened by detention, and denial of meaningful access to counsel.  Petitioner claims that Respondents do not have authority to subject her to mandatory detention and that her continued detention without a bond hearing violates her due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    Discussion

The Magistrate Judge concluded that habeas relief should be granted, in part.  The Magistrate Judge recommended that the Court order Respondents to provide Petitioner

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 13th 2026).

with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that time period.  The Magistrate Judge further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address the remaining of Petitioner's claims.

Respondent's objection asserts that the R&R fails to apply the plain meaning of § 1225(b)(2)(A), asserting that the R&R's application is "inconsistent with the text, title, and purpose of § 1225."  Doc. No. 12 at 1.  Petitioner has responded to the Objection filed by the Respondents [Doc. No. 15], further asserting her original claims.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of  similarly situated petitioners is governed by § 1226(a).  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't  of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166  F.4th  494,  508  (5th  Cir.  2026)  (agreeing  with  Respondent's  position  that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir.

3

2026) (same).[2]    Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

The Court grants relief to Petitioner in the form of a bond hearing under § 1226(a) and concurs with the conclusion of the Magistrate Judge to decline to address Petitioner's remaining claims.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 14th day of May, 2026.

_____

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] To date, the Tenth Circuit has not ruled on the issue.  *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).